1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9

10  DANIEL LEE DUVALL,                              Case No. 8:21-cv-01254-PSG-MAR

11                              Petitioner,          MEMORANDUM AND ORDER
                                                     DISMISSING CASE
12              v.

13  PEOPLE OF THE STATE OF

14  CALIFORNIA,

15                              Defendant.

16

17

18                                      **I.**

19                              **INTRODUCTION**

20        On July 11, 2021, Petitioner Daniel Lee Duvall ("Petitioner"), proceeding <u>pro</u>

21  <u>se</u>, constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State

22  Custody ("Petition") pursuant to 28 U.S.C. § 2254 ("section 2254").  ECF Docket

23  No. ("Dkt.") 1.[2]  On August 6, 2021, the Court granted Petitioner's request for a stay

24  so that he could exhaust claims in state court, ordering him to file quarterly status

25

26

27  [1] Under the "mailbox rule," when a <u>pro se</u> prisoner gives prison authorities a pleading to mail to
    court, the court deems the pleading constructively "filed" on the date it is signed.  <u>Roberts v.</u>
    <u>Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

28  [2] All citations to electronically filed documents refer to the CM/ECF pagination.

1   reports.  Dkt. 5.  Petitioner has not filed a status report or responded to the Court's

2   correspondence in over a year.  For the reasons below, the Court **DISMISSES** this

3   action, without prejudice.

**II.**

**BACKGROUND**

6       On July 11, 2021, Petitioner constructively filed the instant Petition.  Dkt. 1.

7   The Petition appeared to be timely.  In the Petition, Petitioner requested a stay to

8   exhaust some of his claims in state court.  Id.

9       On August 6, 2021, the Court granted Petitioner's request and ordered him to

10  file quarterly status reports.  Dkt. 5.  Petitioner filed three (3) status reports, the last of

11  which was filed on March 17, 2022, wherein he indicated that he had sent his state

12  petition to be filed in superior court.  Dkts. 6–8.

13      Petitioner did not file his fourth status report.  On August 9, 2022, the Court

14  issued an Order to Show Cause ("OSC") directing Petitioner to file a status report and

15  warning that failure to file a First Amended Petition may result in the case being

16  dismissed.  Dkt. 9.  On September 26, 2022, the Court issued a second OSC directing

17  Petitioner to file a status report by October 11, 2022.  Dkt. 10.  The Court again

18  warned that the action "**will** be dismissed for failure to prosecute and comply with

19  court orders" if Petitioner did not file a status report.  Id.  The Court issued a final

20  OSC on June 7, 2023, giving Petitioner one last chance to respond by June 21, 2023.

21  Dkt. 12.

22      To date, Petitioner has failed to file a further status report or otherwise respond

23  to the Court's OSCs, nor has he communicated with the Court whatsoever since his

24  March 17, 2022 status report.

25  ///

26  ///

27  ///

28  ///

2

III.

DISCUSSION

**A.    APPLICABLE LAW**

District courts have <u>sua</u> <u>sponte</u> authority to dismiss actions for failure to prosecute or to comply with court orders.  <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629–30 (1962); <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) <u>sua</u> <u>sponte</u> for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 641–45 (9th Cir. 2002) (district court may dismiss habeas petition for failure to obey court order or failure to prosecute); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five (5) factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Omstead v. Dell, Inc.</u>, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).

"[The Ninth Circuit] 'may affirm dismissal where at least four factors support dismissal . . . or where at least three factors "strongly" support dismissal.'" <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999) (quoting <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998)).  In a case involving <u>sua</u> <u>sponte</u> dismissal, however, the fifth <u>Henderson</u> factor regarding the availability of less drastic sanctions warrants special focus.  <u>Hernandez</u>, 138 F.3d at 399.

///

///

**B.     ANALYSIS**

      **1.     The public's interest in expeditious resolution of litigation**

      In the instant action, the public's interest in expeditious resolution of litigation weighs in favor of dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, above) (internal quotation omitted)).  Petitioner has not filed a status report in over a year, nor has he otherwise responded to the Court's three (3) OSCs.  Given that Petitioner has failed to interact with the Court for over fifteen (15) months, this factor weighs in favor of dismissal.  See also Pagtalunan, 291 F.3d at 642 (finding that the plaintiff's failure to pursue the case for almost four (4) months weighed in favor of dismissal).

      **2.     The Court's need to manage its docket**

      The second factor—the Court's need to manage its docket—likewise weighs in favor of Dismissal.  Courts have "the power to manage their dockets without being subject to the endless vexatious noncompliance of litigants."  See Ferdik, 963 F.2d at 1261.  As such, the second factor looks to whether a particular case has "consumed . . . time that could have been devoted to other cases on the [Court's] docket."  See Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's docket.").

      On August 9, 2022, the Court issued an order staying the case and ordering Petitioner to file quarterly status reports.  Dkt. 5.  The order explicitly cautioned Petitioner that "**[f]ailure to file timely reports as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b)."**  Id. at 2.

      On August 9, 2022, after Petitioner had failed to file a status report for several months, the Court issued an OSC why the action should not be dismissed for failure to prosecute.  Dkt. 9.  The Court issued a second OSC on September 26, 2022,

1    warning that failure to respond will result in dismissal. Dkts. 10. The Court issued a

2    third OSC on June 7, 2023, giving Petitioner one final chance to respond before

3    dismissal. Dkt. 12.

4        Petitioner has failed to file a status report, or otherwise respond to any of the

5    Court's orders, all of which warned Petitioner that his failure to comply could or

6    would result in the dismissal of the action. See Dkts. 5, 9, 10, 12. Petitioner's failure

7    to prosecute and follow Court orders hinders the Court's ability to move this case

8    toward disposition and suggests Petitioner does not intend to or cannot litigate this

9    action diligently. Consequently, the Court's need to manage its docket favors

10   dismissal here.

11       **3.       The risk of prejudice to Defendant**

12       The third factor—prejudice to Defendant(s)—also weighs in favor of dismissal.

13   A rebuttable presumption of prejudice to defendant arises when plaintiffs

14   unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452–53

15   (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify

16   dismissal . . . [t]he law presumes injury from unreasonable delay.").

17       Nothing suggests such a presumption is unwarranted in this case. Petitioner

18   has not provided any reason for his failure to comply with the Court's order or OSCs

19   and for his failure to clearly communicate with the Court since he filed a status report

20   on March 16, 2022. Dkt. 8. Given the length of the delay, the Court finds

21   Petitioner's delay in prosecuting this case to be unreasonable. Thus, prejudice is

22   presumed and weighs in favor of dismissal. See, e.g., In re Phenylpropanolamine

23   (PPA) Prod. Liab. Litig., 460 F.3d at 1227 ("The law . . . presumes prejudice from

24   unreasonable delay.").

25       **4.       Public policy favoring disposition on the merits**

26       The fourth factor—public policy in favor of deciding cases on the merits—

27   ordinarily weighs against dismissal. See In re Phenylpropanolamine (PPA) Prod. Liab.

28   Litig., 460 F.3d at 1228. Here, as it usually does, the fourth factor weighs against

1   dismissal.  Indeed, the Petition appears timely as filed, but if the case were dismissed,
2   any refiled petition may be found untimely, thereby precluding Petitioner from having
3   his claims heard on the merits.    However, despite having been given three (3)
4   chances to respond over the course of over an entire year, Petitioner has failed to
5   correspond with the Court in any way.

6         It is ultimately Petitioner's responsibility to move towards disposition at a
7   reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley,
8   942 F.2d 648, 652 (9th Cir. 1991).  Petitioner has not discharged this responsibility
9   despite having been: (1) instructed on his responsibilities; (2) granted sufficient time
10  in which to discharge them; and (3) warned of the consequences of failure to do so.
11  See Dkts. 6, 9, 10, 12.  Under these circumstances, and without any other information
12  from Petitioner, the policy favoring resolution of disputes on the merits does not
13  outweigh Petitioner's failure to obey Court Orders or to file responsive documents
14  within the time granted.

15        **5.      Availability of less drastic alternatives**

16        The fifth factor—availability of less drastic sanctions—also weighs in favor of
17  dismissal.  A "district court need not exhaust every sanction short of dismissal before
18  finally dismissing a case, but must explore possible and meaningful alternatives."
19  Henderson, 779 F.2d at 1424.  Less drastic alternatives to dismissal include warning a
20  party that dismissal could result from failure to obey a court order.  See Malone, 833
21  F.2d at 132 n.1.  Further, "a district court's warning to a party that his [or her] failure
22  to obey the court's order will result in dismissal can satisfy the 'consideration of
23  alternatives' requirement."  Ferdik, 963 F.2d at 1262 (citations omitted).

24        Here, the Court cannot move the case toward disposition without Petitioner's
25  compliance with Court orders or participation in this litigation.  Petitioner has shown
26  he is either unwilling or unable to comply with Court orders by filing responsive
27  documents or otherwise cooperating in prosecuting this action.  Given this record, the

28

1 │ Court finds that any less drastic alternatives to dismissal would be inadequate to

2 │ remedy Petitioner's failures to obey Court orders and to prosecute his case.

3 │     **6.**     **Summary**

4 │        Finally, while dismissal should not be entered unless Petitioner has been

5 │ notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897

6 │ F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Petitioner about the potential

7 │ dismissal in the August 6, 2021 order and three (3) separate OSCs. See Dkts. 5, 9, 10,

8 │ 12.

9 │        As discussed above, four (4) of the Rule 41(b) factors weigh in favor of

10 │ dismissal. Accordingly, this action is subject to dismissal.

11 │ **IV.**

12 │ **ORDER**

13 │        **IT IS THEREFORE ORDERED THAT** Petitioner's case is **DISMISSED**

14 │ without prejudice.

15 │ Dated: June 29, 2023
16 │

17 │                                           HONORABLE PHILIP S. GUTIERREZ
18 │                                           United States District Judge